**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

ROGER KRUEGER,

    Plaintiff,

v.

CHRIS BRIGGS,

    Defendant.

_____

Civil No. 10-3807 (PAM/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "October 2007 Before going to bed I took my medication as usual. I take Atavan and Oxycondone for pain medication. I was awakened at 3:30 A.M. by being hit in the face by the Defendant who was on top of me. He had his trousers down and was rubbing his genitils [sic] on my stomach. I awoke and asked him what the hell he was doing. I tried to slap and kick him, he informed me he had a knife and that he would use it."

(Complaint, p. 4, § 7.)

Based on these sparse allegations alone, Plaintiff is seeking a judgment against Defendant in the amount of $75,000.00.

Plaintiff's complaint indicates that subject matter jurisdiction exists because he is bringing a claim based on federal law. (Id., p. 3, § 3.) However, Plaintiff has not identified any specific federal law on which this lawsuit is based, and there is no readily apparent federal law basis for Plaintiff's claims. The Court must therefore consider whether subject matter jurisdiction actually does exist in this case.

**II. DISCUSSION**

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. The only legal theory cited in Plaintiff's complaint is "sexual abuse." However, that two-word phrase, by itself, does not identify any discernible federal cause of action.

Giving Plaintiff's pleading the benefit of liberal construction, it appears that he

might be able to sue the named Defendant based on some type of <u>state</u> common law tort theory, such as assault, battery, or intentional causing of emotional distress. However, Plaintiff has not identified, and his factual allegations will not support, any claim based on <u>federal</u> law. Thus, the Court concludes that federal subject matter jurisdiction cannot exist under the "federal question" statute – 28 U.S.C. § 1331.

Furthermore, the complaint plainly indicates that both Plaintiff and Defendant are residents of Minnesota. (Complaint, pp. 1-2, ¶s 1-2.) Therefore, federal subject matter jurisdiction cannot exist under the "diversity of citizenship" statute – 28 U.S.C. § 1332. [1]

Thus, the Court finds that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (<u>see</u> 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). [2]

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[1] The Court further notes that even if Plaintiff and Defendant resided in different states, subject matter jurisdiction still would not exist under the diversity of citizenship statute, because the amount in controversy in this case does not exceed the $75,000.00 jurisdictional threshold. (<u>See</u> Complaint, p. 4.)

[2] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the grievances described in his complaint. Plaintiff could, perhaps, seek relief in state court, based on some state common law tort theory. However, Plaintiff's current complaint is plainly deficient in numerous respects, (besides just lack of subject matter jurisdiction), and he is strongly encouraged to seek legal assistance before pursuing any further court actions.

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: September 9, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 24, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.